UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-2090

VICTORIA OYEJOLA,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. (A70-457-889)

Submitted: April 17, 2006                Decided: May 8, 2006

Before WILKINSON, GREGORY, and SHEDD, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Randall L. Johnson, JOHNSON & ASSOCIATES, P.C., Arlington, Virginia, for Petitioner. Peter D. Keisler, Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant Director, Larry P. Cote, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Victoria Oyejola petitions for review of an order of the Board of Immigration Appeals (Board) denying her motion to reconsider its prior order affirming the immigration judge's denial of a § 212(h) waiver of criminal activity. Oyejola's motion to reconsider sought only to submit an addendum to the psychologist's report and to challenge the immigration judge's consideration of her prior asylum testimony in assessing her application for adjustment of status. However, on appeal, Oyejola seeks to challenge the Board's prior order affirming the immigration judge's denial of the § 212(h) waiver.

Oyejola may not challenge in this appeal the Board's order affirming the decision of the immigration judge denying the § 212(h) waiver, as she did not file a timely petition for review from that order. A petitioner has thirty days to file a petition for review. See 8 U.S.C. § 1252(b)(1) (2000). This time period is "jurisdictional in nature and must be construed with strict fidelity to [its] terms." Stone v. INS, 514 U.S. 386, 405 (1995). The filing of a motion to reconsider does not toll the thirty-day period for seeking review of the underlying order. Id. at 394. Accordingly, because Oyejola did not file a petition for review within thirty days of the Board's order affirming the immigration judge's denial of the § 212(h) waiver, this court's review is limited to the Board's denial of the motion to reconsider. As

Oyejola makes no argument regarding that disposition, we conclude that she has abandoned all claims that could properly be raised in the appeal before us.  See Yousefi v. INS, 260 F.3d 318, 326 (4th Cir. 2001) (holding failure to challenge denial of withholding of removal and relief under Convention Against Torture in opening brief constitutes abandonment of those claims); Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999) (holding failure to raise specific issue in opening brief constitutes abandonment of that issue under Fed. R. App. P. 28(a)(9)(A), requiring that argument section of opening brief contain contentions, reasoning, and authority).

Accordingly, we deny the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED